IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FRED** and **BETTY PADILLA,**

    Plaintiffs,

vs.                                      No.    **CIV 00-1465 MCA/RLP**

**LOMAS AUTO MALL, INC.,**
**THE CAR COMPANY, INC.,**
**MICHAEL RICHESIN,** a/k/a
**MICKEY RICHESIN, GREAT**
**AMERICAN INSURANCE**
**COMPANY,** and **WESTERN**
**SURETY COMPANY,**

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court pursuant to *Defendants' Motion for Summary Judgment on Plaintiffs' Claims for Violations of the Truth in Lending Act* (Doc. No. 62) and *Defendant Michael Richesin's Motion for Summary Judgment*. (Doc. No. 60). The Court having reviewed the submissions of the parties, the relevant law, and otherwise being fully advised in the premises, finds that there are genuine issues of material fact that preclude summary judgment. The motions must therefore be **DENIED**.

## I. BACKGROUND

On December 14, 1999, Defendant, Lomas Auto Mall, Inc. (Lomas Auto), sold a used truck to Fred and Betty Padilla for $14,995. (Compl. ¶ 5) As a down payment, Plaintiffs traded their old vehicle. This reduced the balance by $798.92. (Compl. ¶ 6) Plaintiffs agreed to pay $500 on December 24, 1999, and the remaining balance in installments. At the time of the sale, Lomas Auto declared the mileage of the truck to be 87,207 miles. (Ex. F) Plaintiffs allege that prior to the sale, the truck had mileage in excess of 102,150 miles. They contend that Defendants rolled back the truck's odometer. (Compl. ¶ 23) The truck broke down two days after the purchase. (Depo. of F. Padilla at 81) Plaintiffs failed to pay Defendants the agreed down payment of $500, and any of the installments. (Mem. in supp. Summ. J. at 2) The truck was repossessed and later sold to another buyer.

Plaintiffs allege that Lomas Auto issued inconsistent disclosure statements, falsified the documents, and deliberately deceived them through written misrepresentations. (Compl. ¶ 25 & 26) They seek relief under various federal and state claims (Compl. ¶ 29), including the Truth In Lending Act (TILA), the Federal Motor Vehicle Information and Cost Savings Act, the New Mexico Unfair Practices Act, the New Mexico Dealer Franchise Act. They also allege common law fraud and misrepresentation.

Plaintiffs sued Lomas Auto, Michael Richesin (Defendant herein), the shareholder and controller of Lomas Auto (Compl. ¶ 7), and The Car Company (Compl. ¶ 7), an auto company owned by Defendant Richesin. They also sued Western Surety Company and Great American Insurance Company.

## II.    ANALYSIS

### A.    Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of act is "material" if it is essential to the proper disposition of the claim. See id. Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52. At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. See id. at 251. The adverse party must set forth specific facts showing that there is a genuine issue for trial. See id. The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). This burden may be met by showing that there is a lack of evidence to support the nonmoving party's case. See id. at 325. Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact left for trial. See Anderson, 477 U.S. at 256. A party

-3-

opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial. See id. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. See id. Any evidence tending to show triable issues will be viewed in the light most favorable to the nonmoving party. See Black Hills Aviation, Inc. v. United States, 34 F.3d 968, 972 (10th Cir. 1994).

### B. Truth In Lending Act

As a preliminary matter, the Court notes that, although the memorandum in support of this motion (Doc. 63) is argued on behalf of all Defendants, the Motion (Doc. 62) is brought solely on behalf of Defendant Michael Richesin.

Congress passed the Truth In Lending Act (TILA) to enhance "economic stabilization" and to strengthen "competition among the various . . . firms engaged in the extension of consumer credit." 15 U.S.C. § 1601(a) (2000). TILA aims at "meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." See id. TILA permits a consumer to shop for credit and thus compensates them for their weaker bargaining position as compared with business and commercial borrowers. See Gallegos v. Stokes, 593 F.2d 372, 375 (10th Cir. 1979). TILA does not apply to credit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes, or to government or governmental agencies. See 15 U.S.C. § 1603(1). The word "consumer" is "used with

reference to a credit transaction . . . in which the party to whom credit is offered or extended is a natural person and the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1602(h). A plaintiff requesting relief under TILA must show that the transaction is primarily a consumer transaction and not a business transaction. See Katz v. Carte Blanche Corp., 496 F.2d 747, 751 (3rd Cir. 1974). A court must examine the transaction as a whole and the purpose for which the credit was extended in order to determine whether this transaction was primarily consumer or commercial in nature. See Gallegos, 593 F.2d at 375; Tower v. Moss, 625 F.2d 1161, 1166 (5th Cir. 1980). In a case where the truck was purchased for personal as well as for business use, the TILA disclosures are required to be made. See id., citing Allen v. City Dodge, Inc., 5 Cons. Cred. Guide (CCH) P 98, 428 (N.D. Ga. Sept. 8, 1975). In Gallegos, the Court held that a transaction is not commercial merely because of a plaintiff's admissions where there was no other evidence of plaintiff having an ongoing business, or the prospect of establishing one. See Gallegos, 593 F.2d at 375. The Court also took into consideration other facts—that the plaintiff was a widow with a fifth grade education who traded her only vehicle and personal jewelry for buying the truck—in determining whether or not it was a commercial transaction. See id. It remains clear that the substance of the transaction and the purpose in obtaining the loan must be looked at, rather than the form alone. See Riviere v. Banner Chevrolet, Inc., 184 F.3d 457, 462 (5th Cir. 1999) (concluding the facts to be conflicting for granting summary judgment, even though the defendant presented evidence of the plaintiff's business tax return showing 70% deduction for the use

of the truck, when the plaintiff himself claimed that he did not use the truck for business during the two-week interval between its purchase and refinancing).

In the present case, Defendant Richesin argues that the TILA provisions are not applicable to Plaintiffs' sale because Plaintiffs are not consumers within the meaning of TILA. Defendant Richesin argues that because Plaintiff Fred Padilla bought the truck for use in his carpet business, Plaintiffs are not consumers. (Ex. A; Depo. Padilla at 79-80) Defendant Richesin also contends that Plaintiff Fred Padilla admitted that he could not take care of his carpet business without the truck. See id. Plaintiffs contend that they bought the truck both for personal and business purposes, that is, to travel to their father's ranch with their two daughters, as they cannot use their other car to travel up into the mountains). (Ex. A; Depo. Padilla at 79-80). As Plaintiffs' raise this materially disputed fact, denial of summary judgment is warranted. Further, as noted above, the entire transaction must be examined in order to determine whether a particular transaction is primarily a consumer or commercial transaction. See Gallegos, 593 F.2d at 375. Therefore, the Court denies Defendant Richesin's summary judgment motion based upon the TILA.

### C. Liability of Defendant Michael Richesin

Defendant Richesin also moves for summary judgment on Plaintiffs' claim for personal liability against him based on the alter ego theory, or piercing the corporate veil. Defendant argues that Plaintiffs have not established the requisite foundation that would entitle them to pierce the corporate veil. (Def. Mem. in supp. summ. J. at 1)

A basic proposition of corporate law is that a corporation will ordinarily be treated as a legal entity separate from its shareholders. See Scott v. AZL Resources, Inc., 107 N.M. 118, 121, 753 P.2d 897, 900 (1988). The determination that the shareholders are the alter ego of the corporation describes the specific situation where the shareholders have so manipulated the corporation to further their own individual interests that the identity of the corporation has merged into that of its shareholders. See Scott Graphics, Inc. v. Mahaney, 89 N.M. 208, 211, 549 P.2d 623, 626 (Ct. App. 1976). The alter ego doctrine may be applied when the corporation is influenced and governed by the person or persons asserted to be its alter ego. See id. Courts may look beyond the corporate facade to the individual or individuals who own the corporation if it is used to perpetuate fraud or promote injustice. See Scott, 107 N.M. at 121, 753 P.2d at 900. New Mexico decisions have repeatedly held that piercing the corporate veil is an equitable remedy. See id.; W. V. Harlow v. Fibron Corp., 100 N.M. 379, 382, 671 P.2d 40, 43 ( Ct. App.) cert. denied, 100 N.M. 439, 671 P.2d 1150 (1983); Shillinglaw v. Owen Shillinglaw Fuel Co., 70 N.M. 65, 370 P.2d 502 (1962).

Three requirements must be satisfied for obtaining relief under the alter ego theory: (1) a showing of instrumentality or domination; (2) an improper purpose; and (3) proximate causation. See Scott, 107 N.M. at 121. Instrumentality or domination means that the subservient corporation was operated, not in a legitimate fashion to serve the valid goals and purposes of the corporation, but that it functioned under the domination and control and for the purposes of some dominant party. See id. Where the subsidiary is a mere business conduit for the parent, or where there is unity of interest and unity of ownership such that the

individuality or separateness of the two identities has ceased, then the dominant party may be held liable for contractual obligations of its subsidiary under the alter ego theory. See id.

Defendant Richesin argues that Plaintiffs failed to show any evidence of manipulation or control by Defendant Richesin. However, Plaintiffs' evidence indicates that Defendant Richesin is the sole owner and president of both The Car Company and Lomas Auto. (Ex. A; Depo. Richesin at 7). Defendant is also the owner of The Finance Company, an entity which consigned the sale of the subject truck to Lomas Auto Mall, Inc., prior to Plaintiffs' purchase of the vehicle. There are no corporate formalities between the corporations. There was never a transfer of interest or agreement with The Finance Company and Lomas Auto because there was no need for Defendant Richesin to draw up an agreement with himself. (Ex. A; Depo. Richesin at 26). Plaintiffs offer evidence that Defendant Richesin established the procedures and policies for Defendants Lomas Auto, The Car Company, and The Finance Company, and that the three entities share staff. The same staff sign as authorized agents of the three corporations. (Ex. H; Ex.B; Interrogatories to Lomas Auto Mall). The foregoing evidence establishes an issue of material fact concerning Defendant Richesin's domination of all or a majority of the stock or interest of the three corporations, commonality of officers, disregard of the corporations as to normal corporate processes, and lack of formalities while dealing with each other.

However, mere control is not enough to warrant piercing of the corporate veil. Plaintiffs must also establish that Defendant's control or domination was used for fraudulent or other improper purpose. See id. at 122. Plaintiffs contend that Defendant Richesin uses

his three businesses to commit odometer fraud by shuttling vehicles between his three businesses. (Plfs' Resp. for Summ. J. at 13-14). Plaintiff Fred Padilla states in his deposition that the "mileage unknown" box was not checked at the time he signed the odometer disclosure statement. (Ex. K; Depo Richesin at 98-100) Defendant Richesin admitted that The Car Company (one of his companies) performed the mechanical reconditioning and 1 Day Paint & Body Centers performed the paint job on the truck before selling it to Plaintiffs. As the invoice of 1 Day Paint & Body Centers showed 102,150 miles when it was sent to the workshop for painting (Ex. D), and the mileage showed 87,207 when Plaintiffs bought the truck, an inference of improper purpose may reasonably arise. Defendant denies any improper purpose without offering any evidence. As there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party on this issue, the Court concludes that Defendant is not entitled to summary judgment.

Plaintiffs must also demonstrate that the corporate structure proximately damaged them. See id. Defendant Richesin argues that Plaintiffs failed to meet this burden. (Def. Memo in Supp. Summ. J. at 5-6) However, Plaintiff Fred Padilla stated in his deposition testimony that he lost his job due to the failing of his truck, and also claimed that his credit rating was adversely affected because of this transaction. (Ex. L; Plf.'s Ans. to Interrogatories) & (Ex. M) Defendant does not offer any evidence to disprove these facts. The Court, therefore, concludes that Defendant Richesin's Motion for Summary Judgment based upon the alter ego theory, or piercing of the corporate veil, should be denied.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that *Defendants' Motion for Summary Judgment on Plaintiffs' Claims for Violations of the Truth in Lending Act* (Doc. No. 62) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that *Defendant Michael Richesin's Motion for Summary Judgment* (Doc. No. 60) is hereby **DENIED**.

**SO ORDERED**, this 16th day of September, 2002, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge